UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   2:21-cv-9935-DMG (MAR) | Date:  January 6, 2022 |
| Title:   **Will Arthur Gregory v. Rick Hill** | |

Present: The Honorable:   MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA BUSTOS | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  (In Chambers) ORDER TO SHOW CAUSE:  WHY PETITION SHOULD NOT BE SUMMARILY DISMISSED AS UNTIMELY**

Petitioner Will Arthur Gregory ("Petitioner"), proceeding pro se, constructively filed[1] a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 ("section 2254"), ECF Docket No. ("Dkt.") 1, and an Addendum to the Petition challenging his April 10, 1998 conviction.  Dkt. 2 at 3.  On August 19, 1998, Petitioner filed a Notice of Appeal in Division Two of the Court of Appeal of the State of California.[2]  On April 3, 2000, the Court of Appeal affirmed the trial court's decision but remanded the case for resentencing.  Dkt. 1, Exhibit A at 26–35.  On March 12, 2021, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, which the court denied on May 26, 2021.[3]

Given that Petitioner's direct appeal was completed in 2000, the instant Petition appears to be untimely by over two (2) decades.[4]

///
///

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010).

[2] See California Courts, Appellate Courts Case Information, 2nd Appellate District, Docket (https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=1063348&doc_no=B124803&request_token=NiIwLSEmPkw%2BWzBZSCM9XEhJQEw6USxfISNeJzpTQCAgCg%3D%3D) (last accessed on January 5, 2022).

[3] See California Courts, Appellate Courts Case Information, Supreme Court, Docket (https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2343662&doc_no=S267634&request_token=NiIwLSEmPkw%2BWzBZSCItXENJUFA0UDxTJSMuXzlSMCAgCg%3D%3D) (last accessed on January 5, 2022).

[4] AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition."  Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012).  Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  "When, on direct appeal, review is sought in the state's highest court but no petition for certiorari to the United States Supreme Court is filed, direct review is considered to be final when the certiorari petition would have been due, which is ninety days after the decision of the state's highest court."  Porter v. Ollison, 620 F.3d 952, 958–59 (9th Cir. 2010) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:21-cv-9935-DMG (MAR)                                  Date:  January 6, 2022

Title:     **Will Arthur Gregory v. Rick Hill**

In the form Petition, Petitioner argues that the Petition is timely filed because:

> The prosecution suppressed exculpatory evidence which the petitioner became aware of through newly discovered evidence via published Internet material. The suppression of evidence violated (Brady v. Maryland, 373 U.S. 83 (1963); Kyles v. Whitley, 514 U.S. 419 (1995); Strickler v. Greene, 527 U.S. 263 (1999); and Youngblood v. West Virginia, 126 S.Ct. 2188 (2006). Moreover, the published information relates to Judge bias.

Dkt. 1 at 13–14. However, reviewing the published Internet material Petitioner appears to reference in the Petition, it is unclear how that information was actually suppressed. See, e.g., Id. at 37, Exhibit - B, Declaration of Willie Gene Ruff (explaining that research into the judge that presided over Petitioner's trial revealed that a "[c]omplaint for Public Corruption, Racketeering against Jacqueline Connor, Judge, LA superior Court" was filed with the U.S. Attorney's Office for the Central District of California on August 9, 2010); Dkt. 2 at 4 (referencing a Los Angeles Times article published on December 24, 2000 that included "commentary from a number of Legal Scholars questioning the legal and ethical propriety of Judge Connor's decision to set aside jury verdicts in the case of four Los Angeles Police Department's Rampart anti-gang unit following a trial in which the judge presided."). Accordingly, it is not clear how the alleged suppression prevented Petitioner from filing a timely petition or how Petitioner's discovery of the information gave rise to a new claim he could not have previously discovered with due diligence.[5]

Thus, the Court will not make a final determination regarding whether the Petition should be dismissed as untimely and will give Petitioner an opportunity to address the grounds entitling him to

---

[5] Pursuant to Section 2244(d)(1), there are three situations where a petitioner may be entitled to a later trigger date of the one-year limitation period beyond the date of his conviction becoming final. 28 U.S.C. § 2244(d)(1). First, under Subsection (B), if a state action prevented a petitioner from filing a federal habeas claim in violation of the Constitution or laws of the United States, the limitations period begins to run on "the date on which the impediment to filing an application created by State action . . . is removed[.]" 28 U.S.C. § 2244(d)(1)(B). Second, under Subsection (C), if a right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, the limitations period begins to run on the "date on which the constitutional right asserted was initially recognized by the Supreme Court[.]" 28 U.S.C. § 2244(d)(1)(C). Third, under Subsection (D), if a petitioner brings newly-discovered claims, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

"The statute of limitations begins to run under § 2244(d)(1)(D) when the factual predicate of a claim 'could have been discovered through the exercise of due diligence,' not when it actually was discovered." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added). "Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citation omitted). In addition, "[t]he question is when petitioner had the essential facts underlying his claim, not when he obtained additional evidence supporting his claim." Coley v. Ducart, No. 2:16-1168-AC (P), 2017 WL 714304, at *4 (E.D. Cal. Feb. 23, 2017) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   2:21-cv-9935-DMG (MAR)                                           Date:  January 6, 2022

Title:   Will Arthur Gregory v. Rick Hill

tolling[6] here.  Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **within twenty-one (21) days of this Order, by January 26, 2022**, addressing:

> (1) the timeliness of the instant Petition—including any grounds entitling him to tolling; and
> (2) the time period(s), if any, when the statute of limitations should be tolled here.

**IT IS SO ORDERED.**

                                                                                            **Initials of Preparer**   :  eb

---

[6] "A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.' " Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2)).  The gaps in between different "rounds" of review may be tolled if:  (1) subsequent petitions were "limited to an elaboration of the facts relating to the claims in the first petition" and (2) the subsequent petitions "were ultimately denied on the merits." King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003).

In addition to the statutory tolling provided for by 28 U.S.C. § 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.' " Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).